UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEAN OMELET,

                Plaintiff,

v.

PARTS AUTHORITY, LLC, et al.,

                Defendants.
-----------------------------------------------------------X

**<u>ORDER</u>**

21-CV-05078 (PMH)
[rel. 21-CV-6403 (PMH)]

PHILIP M. HALPERN, United States District Judge:

      On July 29, 2021, the Court issued an Order to Show Cause in each of these two related cases "as to why the cases should not be transferred to the Eastern District of New York; and/or why the cases should not be dismissed for lack of subject matter jurisdiction." (*Omelet v. Parts Authority LLC, et al.*, No. 21-CV-05078, "Omelet" Doc. 12; *Morse v. Parts Authority LLC, et al.*, No. 21-CV-06403, "Morse" Doc. 4). Plaintiffs were given an opportunity to convince the Court that venue and subject matter jurisdiction are proper here, and filed their response to the Order to Show Cause on August 3, 2021. (Omelet Doc. 13). Plaintiffs have failed to do so.

      "[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Here, subject matter jurisdiction is premised solely upon Plaintiffs' "right guaranteed under Section 9 of the Federal Arbitration Act." (Omelet Doc. 1; Morse Doc. 1). But it is well-established that "[t]he FAA does not 'independently confer subject matter jurisdiction on the federal courts.'" *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (quoting *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009)); *see also Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 140 (2d Cir. 2002). "'[T]here must be an independent basis of jurisdiction

before a district court may entertain petitions' to confirm or vacate an award under the FAA." *Scandinavian Reinsurance Co.*, 668 F.3d at 71 (quoting *Dupont*, 565 F.3d at 63). Plaintiffs have not shown, and the Court does not find, that such an independent basis exists here where there is no allegation that diversity jurisdiction exists, and no federal question presented by the pleadings.

Accordingly, these actions are hereby DISMISSED without prejudice for lack of subject matter jurisdiction.[1]

The Clerk of the Court is respectfully directed to close: *Omelet v. Parts Authority LLC, et al.*, No. 21-CV-05078 and *Morse v. Parts Authority LLC, et al.*, No. 21-CV-06403.

SO ORDERED:

Dated: White Plains, New York
       August 3, 2021

_____
Philip M. Halpern
United States District Judge

---

[1] Even if subject matter jurisdiction existed here, it is not clear that the White Plains division of the Southern District of New York is the proper venue for these actions. Plaintiffs cite to a provision in the arbitration agreements wherein the parties agreed that the arbitrations would take place in New York City, unless the parties agreed otherwise. (Omelet Doc. 13 at 2). Plaintiffs further refer to an informal agreement between the parties to conduct the arbitrations in White Plains, New York—an agreement that was allegedly frustrated by the COVID-19 pandemic. Plaintiffs argue that by agreeing to conduct the arbitrations in White Plains, the parties consented to venue in the Southern District of New York. *See Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) ("A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction."). But the Court disagrees with Plaintiffs' representation that the hearings were "effectively conducted" in White Plains. (Omelet Doc. 13 at 1). Indeed, the hearings were held via Zoom, with the arbitrators and multiple witnesses participating from other states. (*Id*. at 3). Therefore, even if the parties agreed to conduct the arbitrations in White Plains, it is unclear whether venue is proper in the Southern District of New York given that the hearings were ultimately conducted virtually.